IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

JOHN E. CLOSSICK
BABETTE M. CLOSSICK                                                    Case No.:
                                                                                        04-07095-8-JRL

IN RE:

JENNIFER L. WEESE                                                        Case No.:
                                                                                        05-04067-8-JRL

_____

## ORDER

This matter is before the court on the request for a hearing filed by debtors' counsel.[1] On January 18, 2006, the court conducted a hearing in Wilmington, North Carolina.

The Clossicks and Ms. Weese ("the debtors") requested a hearing on the issue of whether their residences are property of the estate that the trustee may sell. The debtors claimed an exemption in their interests in their personal residences pursuant to N.C.G.S. § 1C-1601(a)(1). The trustee in both cases did not object to the claimed exemptions. The debtors were informed by the trustee that he intended to sell their residences if they did not make a payment to the trustee within a certain time period. Counsel for the debtors asserts that the residences are no longer property of the estate because the trustee did not object to the debtors' claimed exemptions within the time allowed.

The court finds that as long as the debtors' exemptions are claimed in Schedule C as the form

---

[1] Although the request for a hearing was filed in two separate bankruptcy cases, counsel for the debtors consented to having both requests heard simultaneously. Consequently, the court will address both requests in this order.

demands and the debtors claim an exemption in the value in their equity, the trustee, absent an objection, has to honor that exemption pursuant to 11 U.S.C. § 522(l) and Rule 4003(b) of the Federal Rules of Bankruptcy Procedure. However, the trustee does not have to object to the exemption to propose a sale that will give the debtors that exempt value in their equity that they claimed.

Following the holding in <u>In re Crumedy</u>, Case No. 05-03412-8-JRL (Bankr. E.D.N.C. December 5, 2005) and incorporated herein, the debtors' residences are property of the estate and can be administered by the trustee without objecting to the debtors' claimed exemptions in their property.

**So Ordered.**

**Dated: January 30, 2006**

J. Rich Leonard
United States Bankruptcy Judge