**SO ORDERED.**

**SIGNED this 25 day of July, 2006.**

_____
                    **J. Rich Leonard**
            **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

    **JOHN E. CLOSSICK and**
    **BABETTE M. CLOSSICK,**

        **Debtor.**                            **Case No. 04-07095-8-JRL**
                                              **Chapter 7**

_____

### ORDER

      This case is before the court on the debtors' motion to compel the trustee to abandon property, the debtors' motion to set aside the order allowing compromise, and the Chapter 7 trustee's motion for turnover of the property. On July 12, 2006, the court conducted a hearing on these matters in Wilson, North Carolina

      On September 13, 2004, John and Babette Clossick ("the debtors") filed for relief under Chapter 7. At the time of the filing, the debtors owned real property in Wilmington, North Carolina, with the female debtor's mother, Joan Push.[1] The debtors then believed that they owned a one-half undivided interest in

_____

[1] On October 5, 2004, Ms. Push filed for relief under Chapter 13 (Case No. 04-07691-8-JRL).

1

the property as tenants by the entireties and that Ms. Push owned the other one-half interest.[2] The debtors

listed their interest in the subject house and lot as having a market value of $170,000.00 and being

encumbered by a secured claim in the amount of $35,000.00, leaving net value of $135,000.00. The

debtors each claimed an exemption of $10,000.00 under N.C. Gen. Stat. 1C-1601(a)(1).

Believing equity existed in the debtors' Ford Expedition, the Chapter 7 trustee took possession of

the vehicle. Thereafter, on November 18, 2004, the debtors moved to convert their case to Chapter 13,

which motion was granted by the court on November 19, 2004. The Chapter 13 trustee moved to

reconvert the case to Chapter 7, asserting that the debtors had failed to file a confirmable plan, had failed

to appear at the § 341 meeting, and had failed to make plan payments. The Chapter 13 trustee

subsequently withdrew that motion and rescheduled a § 341 meeting.

On May 12, 2005, the Chapter 13 trustee filed a motion to confirm the plan. Exhibit A to the

motion for confirmation, in pertinent part, states:

**Real Property:**

| Description: | RESIDENCE (JT ½ INTEREST W/ MOTHER) |
|---|---|
| FMV | $63,225.00 |
| Liens | $35,000.00 |
| Exemptions | $20,000.00 |
| Equity | $8,225.00 |

**COMMENTS:** THE ABOVE FMV REFLECTS THE DEBTOR'S INTEREST AND DEBT. THE TOTAL FMV IS $140,500.00, AND THE TOTAL DEBT IS $240,000.00. (THE DEBTOR'S MOTHER IS ALSO IN A CHAPTER 13 CASE AND IS TREATING $240,000.00 OF THE DEBT IN HER CASE). TOTAL JOINT EQUITY $9964.24 INCLUDES PERSONAL PROPERTY EQUITY.

---

[2]It was later determined that the property had been acquired by John Clossick, Babette Clossick, Aladar Push, and Joan Push as joint tenants with right of survivorship.

2

On June 7, 2005, the court granted the trustee's motion for confirmation and confirmed the Chapter 13 plan. While the order makes no findings of fact, it states: "That all other terms of the proposed plan remain as indicated in the trustee's motion."

Following confirmation, on June 21, 2005, the court granted Ford Motor Credit Company's motion for relief from stay as to the debtors' Ford Expedition. On June 30, 2005, the trustee moved to dismiss the Chapter 13 case due to the debtors' failure to comply with the plan. On July 7, 2005, the Chapter 13 trustee withdrew his motion to dismiss and filed a motion to reconvert the case to Chapter 7, asserting that the debtors had failed to make plan payments. No objection was filed. On August 4, 2005, the case was reconverted to Chapter 7.

Upon reconversion of the case to Chapter 7, a third § 341 meeting was conducted. On December 5, 2005, the trustee wrote that, as a result of non-exempt equity in the property, he intended to sell the debtors' residence  unless the debtors wanted to purchase the estate's interest for $14,000.00. The debtors then sought a hearing to determine whether their residence was property of the estate. The debtors asserted that, because they had claimed exemptions in their residence and the Chapter 7 trustee had failed to object to those exemptions, the subject property was not part of the bankruptcy estate. At the hearing on the motion, the debtors were represented by their previous attorney and a second attorney who made a special appearance for purposes of the motion. On January 30, 2006, the court followed its holding in In re Crumedy, No. 05-03412-8-JRL (Bankr. E.D.N.C. Dec. 5, 2005) and held that the debtors' residence was property of the estate and could be administered by the trustee without objecting to the debtors' claimed exemptions in their property. The debtors did not appeal the order.

On January 31, 2006, the Chapter 7 trustee filed a motion for relief from stay in Ms. Push's

3

Chapter 13 case seeking to file an action to sell the subject property free and clear of Ms. Push's interest and to take the requisite actions to sell the property. On February 17, 2006, the Chapter 7 trustee advised the debtors that a real estate agent had visited their property and had recommended that the listing price of the home be $399,000.00. The Chapter 7 trustee stated that the non-exempt equity in the property had increased to $50,700.00, and he gave the debtors the option to purchase that equity in order to prevent the sale of the property. The letter stated that the offer would remain open for 10 days.

On February 28, 2006, the Chapter 7 trustee entered into a compromise with the debtors and Ms. Push. At the time, both the debtors and Ms. Push were represented by an attorney. On March 29, 2006, the trustee filed motions to approve the compromise in Ms. Push's case and the debtors' case. Pursuant to the terms of the compromise, it was agreed that the property was acquired by Aladar Push, Joan Push, John Clossick, and Babette Closick as joint tenants with right of survivorship. Because Aladar Push had deceased, it was agreed that each surviving owner held a one-third interest in the property. The trustee agreed to settle any issues regarding the property, including any attempts to sell the property, for the sum of $50,000.00. Funds were to be tendered to the trustee by April 30, 2006. In the event the terms of the agreement were not met, the trustee would have authority to sell the property free and clear of Ms. Push's interest in the property, pursuant to 11 U.S.C. § 363(f), with Ms. Push or her bankruptcy estate receiving one-third of the proceeds after costs of sale. On April 25, 2006, the court granted the motion to approve compromise in the debtors' case and Ms. Push's case. The debtors attempted to borrow sufficient funds; however, after various attempts, they were unable to provide the trustee with $50,000.00. By June 2006, the Chapter 7 trustee began his efforts to sell the property.

On June 7, 2006, the debtors obtained new counsel who amended the debtors' schedules to reflect

4

that the debtors held two-thirds interest in the property with a total value of $375,000.00 and net equity of $55,615.00, as to which each debtor claimed an exemption of $10,000.00 under N.C. Gen. Stat. 1C-1601(a)(1). Thereafter, the debtors filed the subject motion seeking the court to compel the trustee to abandon the property and to set aside the orders approving the compromise. The debtors assert that the confirmed Chapter 13 plan established the value of the debtors' residence at $281,000.00 subject to liens and encumbrances of at least $275,000.00, leaving only $6,000.00 in equity before exemptions. The debtors base this argument on the Chapter 13 trustee's Exhibit A to his motion for confirmation. The debtors argue that, pursuant to 11 U.S.C. § 348(f)(1)(B), the Chapter 7 trustee is bound by the Chapter 13 trustee's valuation of the subject property for purposes of determining non-exempt equity in the property. The debtors seek to set aside the order approving the compromise in their case, pursuant to Fed. R. Bankr. P. 9024, asserting that their previous attorney mistakenly believed that the trustee was correct in using the fair market value to determine the non-exempt equity in the property. The debtors assert that the Chapter 7 trustee fraudulently induced them to enter the compromise. At the hearing, the debtors' new attorney clarified that, rather than fraudulently inducing the debtors, the Chapter 7 trustee had "unintentionally misrepresented" the law in the particular area. A week after filing the motion to compel abandonment and motion to set aside the order, the debtors filed another amendment to their schedules to reflect the value of their two-thirds interest in the property as $187,333.33.

On June 29, 2006, the Chapter 7 trustee filed a motion for turnover of the subject property, stating that the debtors and Ms. Push had been unable to obtain the requisite financing to maintain the property pursuant to the compromise, and that the property is part of the bankruptcy estate to which the trustee intends to sell for the benefit of the estate. The trustee asserts that sales efforts will be expedited if the

5

debtors and Ms. Push vacate the property and deliver exclusive possession of the property to the trustee.

The court first considers the motion to compel abandonment and motion to set aside the order approving compromise. The debtors move for relief from the court's order, pursuant to Federal Rule 60(b), made applicable by Bankruptcy Rule 9024. A court has the power to vacate judgments when such action will accomplish justice. Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). However, this remedy "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. Here, the argument is that the order approving the compromise should be vacated due to mistake, excusable neglect, or misrepresentation. The debtors' motion is timely, as it was made within a year of entry of the order granting the compromise. Fed. R. Civ. P. 60(b). The debtors, however, must show a meritorious defense as a threshold requirement for the motion. Id.

The debtors assert that the Chapter 7 trustee was bound by the valuation of the Chapter 13 trustee for purposes of determining non-exempt equity in the property. The debtors filed their case prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, so § 348(f)(1)(B) under the old law is applicable here. It states:

> (f)(1) Except as provided in paragraph (2), when a case under Chapter 13 of this title is converted to a case under another chapter under this title—(B) valuations of property and of allowed secured claims in the Chapter 13 case shall apply in the converted case, with allowed secured claims reduced to the extent that they have been paid in accordance with the Chapter 13 plan.

11 U.S.C. § 348(f)(1)(B). The debtors assert that the Chapter 7 trustee was bound by Exhibit A of the Chapter 13 trustee's motion for confirmation and that he pulled the wool over the eyes of the debtors by not honoring that valuation for purposes of determining whether there was non-exempt equity in the property. The debtors assert that all equity had been exempted by the debtors at the time the Chapter 13

6

trustee made his findings regarding property value.

The court finds that the notes contained in Exhibit A regarding the subject property are ambiguous at best. Moreover, at the time the Chapter 13 trustee created Exhibit A to his motion, he believed the debtors owned a one-half interest in the property  when the debtors actually owned  two-thirds interest. The confirmation order made no specific findings regarding valuation of the property. Section 348(f)(1)(B) does not specify what constitutes "valuation" in a Chapter 13 case. 11 U.S.C. § 348(f)(1)(B); *see* Bargeski v. Rose, No. 05-0962, 2006 WL 1238742 (D. Md. 2006). Some courts have held that confirmation constitutes an implicit valuation of a debtor's property under § 348(f)(1)(B); however, the Fourth Circuit Court of Appeals has not ruled upon this issue. There is also some question regarding the scope of § 348(f)(1)(B). *Collier on Bankruptcy* states that "subsections 348(f)(1)(B) and (c) have no applicability with respect to valuation of property for exemption purposes,  since exemption values are determined as of the date the petition is filed (which does not change upon conversion). Paragraphs (B) and (c) concern valuations of and treatment of secured claims after conversion." 3 Collier on Bankr. ¶ 3-348.07 (Alan N. Resnick & Henry J. Sommer 15th Ed. Rev. 2006). This court has applied § 348(f)(1) in the context of valuing secured claims for post-conversion redemption purposes. In re Beecher, No. 02-05039-JRL (Bankr. E.D.N.C. Sept. 23, 2003). That, of course, is not the situation here. The court does not find that the debtors have a "slam dunk" meritorious defense in this case.

The court also considers whether vacating the order approving the compromise is unfairly prejudicial to the Chapter 7 trustee. *See* Compton, 608 F.2d at 102 (stating "the court should in every case give some, though not controlling, consideration to the question whether the party in whose favor judgment has been entered will be unfairly prejudiced by the vacation of his judgment."). At the time the compromise

was entered, the debtors and Ms. Push were represented by an attorney. The court approved the terms of the compromise, pursuant to Bankruptcy Rule 9019, which resolved all disputes regarding the subject property. Pursuant to the terms of the compromise, the debtors had until April 30, 2006 to tender $50,000.00 to the trustee to prevent the sale of the property. The debtors were unable to secure sufficient loan proceeds under the terms of the compromise. The trustee waited to pursue sales efforts until well after the April 30, 2006 deadline had run. Now, after gaining the benefit of time under the compromise, the debtors assert mistake, excusable neglect, or misrepresentation as reasons for why the order allowing the compromise should be vacated.

Compromises are favored in bankruptcy. In re Bond, No. 93-1410, 16 F.3d 408 at *2 (4th Cir. 1994). It would be unfairly prejudicial to the trustees in this district for this court to vacate an order approving a  compromise on the basis that a debtor gained the services of a more skillful attorney with a better argued legal theory after the compromise was entered. That basis does not pass muster under Rule 60(b). The debtors and Ms. Push had the benefit of a competent attorney when they entered the compromise, and the compromise will be honored by this court. The court finds that the debtors cannot meet the threshold requirements for setting aside the order approving the compromise. Accordingly, the court denies the debtors' motion to compel the trustee to abandon property and the debtors' motion to set aside the order allowing the compromise. The court grants the Chapter 7 trustee's motion for turnover of the property.

"END OF DOCUMENT"